JOHN MILLIKEN *v.* JAMES ANDREWS and others.

Parol evidence is inadmissible to prove that a slave sold by defendant to plaintiff, was represented as possessing certain qualifications not mentioned in the act of sale.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

MARTIN, J. The plaintiff is appellant from a judgment rejecting his claim to the recission of the sale of a slave, purchased from the defendant Andrews, on the ground of a redhibitory malady, and the absence of certain qualities which said defendant declared he possessed.

The first judge was of opinion that the incurability of the disease under which the slave is stated to labor, was not established; that its existence was not positively traced up to the

time of the sale; and finally, that the representations of. the qualifications, the absence of which was complained of, did not appear in the bill of sale; and that the evidence by which they were attempted to be proven, was vague and insufficient.

We concur in the opinion of the first judge, that the plaintiff cannot recover on the score of the absence of the qualifications said to have been announced, because the act of sale is silent as to them, and no parol evidence could be received of them.

The slave was purchased on the 21st of April, 1840; and a physician who saw him in the latter part of May, or beginning of June following, attests, that "the cause of the disease under which he labored, must have existed for months previous to his seeing him; that the disease was a dropsy of the chest; and that there was a *possibility* of a cure being effected, but it was not *probable* he could recover so as to become a healthy slave." Other witnesses depose that the slave was not put to any hard work, was properly clothed and fed, and that due medical aid was given to him.

The trial took place in June, 1843, and the judgment was signed in June, 1844, upwards of three years after the sale. Until then, had the slave died, evidence of that fact might have been received. It is shown that he was tendered to the defendant, who refused to take him; but we have no evidence whether he recovered from, or succumbed to the disease. True it is a witness deposes he does not know when and where the slave died; but this cannot be received as evidence of the slave's death, for the witness does not inform us of the reasons he has to believe that he is dead.

As the plaintiff, who had the possession of the slave, has not shown that, at the time of the judgment, he was dead, or continued to labor under the disease, it may be contended that the first judge did not err in giving judgment for the defendant. We have nevertheless thought that the case ought to be remanded for a new trial, in order to afford the parties the opportunity of producing more evidence, if any there be.

It is, therefore, ordered and decreed, that the judgment be annulled, and reversed, and the case remanded for further pro-

ceedings according to law ; the appellee paying the costs of this appeal.

*Short, Winter* and *Preston,* for the appellant.

*C. M. Jones, Lockett, Micou,* and *L. Janin,* for the defendants.